IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 20cr210 |
| v. | : | DATE FILED: 7/21/20 |
| MICHAEL "OZZIE" MYERS | : | VIOLATIONS:<br>18 U.S.C. § 241 (conspiracy to deprive persons of civil rights - 1 count)<br>18 U.S.C. § 1952 (Travel Act - 2 counts)<br>18 U.S.C. § 1519 (falsification of records - 2 counts)<br>52 U.S.C. § 10307(e) (voting more than once in federal election - 1 count)<br>52 U.S.C. § 10307(c) (conspiring to illegally vote in federal election - 1 count)<br>18 U.S.C. § 1512(b)(3) (obstruction – 1 count)<br>18 U.S.C. § 2 (aiding and abetting) |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant MICHAEL "OZZIE" MYERS was a political consultant and former Member of the United States House of Representatives. As a political consultant, defendant MYERS held himself out as an effective and successful political operative capable of ensuring his clients' electoral success. Defendant MYERS exercised influence and control in Philadelphia's 39th Ward by distributing cash payments and supporting family, friends, and allies

for elective office in the 39th Ward, and installing Ward Leaders, Judges of Elections, and Democratic State Committee Persons. Through the scheme described below, MYERS advanced his political and financial interests through fraudulent and corrupt means by engaging in a "ballot stuffing" scheme that enabled him to take credit for the electoral success of his Philadelphia-based clients and preferred candidates, secure his standing in local party politics that enabled him to control and influence the 39th Ward, and influence the distribution of local patronage jobs.

2. Domenick J. Demuro, charged elsewhere, was a Judge of Elections for Philadelphia's 39th Ward, 36th Division. Demuro also served as a Committee Person for the Democratic Party and the Democratic Chairman of Ward 39a in the City of Philadelphia.

3. The Judge of Elections is an elective office and a paid position in which the election official earns approximately $120.00 per election. The Judge of Elections is responsible for overseeing the entire election process and voter activities of his Division. Each Judge of Elections is charged with overseeing the Division's polling place in accordance with federal and state election laws. The Judge of Elections is required to attend Election Board Training conducted by the Philadelphia City Commissioners. Election officials are specifically trained that it is against the law to make false entries on official documents, alter results receipts/tapes, or any other official records, or tamper with voting machines.

4. The Judge of Elections is assisted by other Election Board Officials in his or her Division, including the Majority Inspector, Minority Inspector, Clerk, and Machine Inspector. The Majority Inspector and Minority Inspector are elective offices. The Clerk is appointed by the Minority Inspector, and the Machine Inspector is appointed by Philadelphia's City Commissioners. The Majority Inspector, Minority Inspector, and Clerk assist the Judge of

2

Elections in overseeing the election process at a particular polling place, and they receive assignments from the Judge of Elections to enforce voting regulations and procedures. The Machine Inspector sets up the Voting Machines, resets the machines after each voter, and instructs voters in the use of the Voting Machines.

5. Each polling station, including the 39th Ward, 36th Division, maintains a List of Voters and Party Enrollment, which documents the name, party affiliation, and order of appearance of each voter who appears at the polling station to cast his or her ballot in the election. The Lists of Voters and Party Enrollment are maintained as official records by the Philadelphia City Commissioners.

6. The Voting Machines at each polling station, including the 39th Ward, 36th Division, generate records in the form of a printed receipt ("results receipt") documenting the use of each Voting Machine that contains: a) the Opening Zero Count; b) the Election Board Officials' Opening Certification signatures, c) any Write-in Votes, and d) Vote Totals. The Judge of Elections and the Election Board Officials at each polling place attest to the accuracy of machine results by affixing their signatures to the last page of the results receipt.

7. The results receipt from each Voting Machine documenting the ballots cast in an election, is placed in a vinyl Cartridge-Results Bag for pickup by a Philadelphia Police Officer after the close of the polls. At the end of Election Day, the Cartridge-Results Bag contains: a) the paper results receipt; b) the memory cartridge from each Voting Machine; and, c) Absentee Voter Lists. These official election records are transported by a Philadelphia Police Officer to a regional center where the voting data is downloaded and tabulated. After the election, the records transported in the Cartridge-Results Bag are stored and maintained at the

office of the Philadelphia City Commissioners at Riverview Place, Delaware Avenue and Spring Garden Streets in Philadelphia.

8. Judicial Candidates #1, #2, and #3 were candidates running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania in 2015. Judicial Candidates #1, #2, and #3 hired defendant MICHAEL "OZZIE" MYERS to help them get elected to the Court of Common Pleas.

9. Defendant MICHAEL "OZZIE" MYERS gave Domenick J. Demuro directions and paid him money to fraudulently add votes to candidates supported by defendant MYERS, including candidates for judicial office whose campaigns actually hired MYERS, and other candidates for various federal, state, and local elective offices preferred by MYERS for a variety of reasons. During the 2015 primary election, MYERS paid Demuro to fraudulently add votes on behalf of Judicial Candidates #1, #2, and #3, among others.

10. From at least in or about April 2014 through at least in or about June 2016, in the Eastern District of Pennsylvania, and elsewhere, defendant

**MICHAEL "OZZIE" MYERS**

conspired and agreed with Domenick J. Demuro, and others known and unknown to the grand jury, while acting under color of law, to willfully injure, impede, impair, and oppress certain legally qualified electors of the United States, being all voters of the 39th Ward, 36th Division, in the City of Philadelphia, in the free exercise and enjoyment of their right and privilege, secured under the Constitution and laws of the United States, of exercising their right to vote in primary elections for candidates for federal, state, and local offices undiluted by false and fraudulent ballots and tallies in the 39th Ward, 36th Division, in the City of Philadelphia.

## MANNER AND MEANS

It was part of the conspiracy that:

11. Defendant MICHAEL "OZZIE" MYERS would solicit monetary payments from his clients, candidates for elective office, in the form of cash or checks as "consulting fees." Defendant MYERS would then take portions of these funds from his clients and make payments to Election Board Officials, including Domenick J. Demuro, in return for Demuro and other Election Board officials tampering with the election results.

12. After receiving payments ranging from between $300 to $5,000 per election from defendant MICHAEL "OZZIE" MYERS, Domenick J. Demuro would add fraudulent votes - also known as "ringing up" votes – for defendant MYERS' clients and preferred candidates in the 39th Ward, 36th Division, thereby diluting the ballots cast by actual voters.

13. Defendant MICHAEL "OZZIE" MYERS would relay instructions to Domenick J. Demuro via cellular telephones capable of interstate transmissions regarding which candidates defendant Demuro should "ring up" or add fraudulent votes to their totals during Election Day in the 39th Ward, 36th Division.

14. After the polls closed on Election Day, Domenick J. Demuro would falsely certify the Voting Machine results from the 39th Ward, 36th Division, by attesting to the accuracy of the paper results receipt placed in the Cartridge-Results Bag with the memory cartridge from each Voting Machine for delivery to the City Commissioners.

15. Defendant MICHAEL "OZZIE" MYERS protected the scheme from detection and prosecution by law enforcement officials as well as from exposure by political

candidates and the news media, through means that included the falsification of documents and obstruction of justice.

## OVERT ACTS

In furtherance of this conspiracy, defendant MICHAEL "OZZIE" MYERS, along with Domenick J. Demuro and others, committed the following overt acts, among others, in the Eastern District of Pennsylvania:

1. On or about May 20, 2014, Domenick J. Demuro, and others known and unknown to the grand jury, added 27 fraudulent ballots during the primary election in the 39th Ward, 36th Division, on behalf of defendant MICHAEL "OZZIE" MYERS' preferred candidates running for election to federal, state, local, and party offices.

2. On or about May 20, 2014, Domenick J. Demuro, and others known to the grand jury, falsely certified the results receipt documenting 118 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 91 voters physically appeared at the polling station to cast ballots.

3. On or about May 20, 2014, after the polls closed, Domenick J. Demuro, and others known to the grand jury, turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine #021873 and Machine #021874 documenting 118 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 91 voters physically appeared at the polling station to cast ballots.

4. In May of 2015, defendant MICHAEL "OZZIE" MYERS gave Domenick J. Demuro approximately $1000 in cash in exchange for Demuro adding fraudulent votes during

the primary election in the 39th Ward, 36th Division, on behalf of Judicial Candidate #1 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

5. In May of 2015, defendant MICHAEL "OZZIE" MYERS gave Domenick J. Demuro approximately $500 in exchange for Demuro adding fraudulent votes during the primary election in the 39th Ward, 36th Division, on behalf of Judicial Candidate #2 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

6. In May of 2015, defendant MICHAEL "OZZIE" MYERS gave Domenick J. Demuro approximately $1000 in exchange for Demuro adding fraudulent votes during the primary election in the 39th Ward, 36th Division, on behalf of Judicial Candidate #3 running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania.

7. On or about May 19, 2015, defendant MICHAEL "OZZIE" MYERS called Domenick J. Demuro immediately prior to the opening of the polls on primary Election Day to discuss their plans to add fraudulent votes.

8. On or about May 19, 2015, Domenick J. Demuro, and others known and unknown to the grand jury, added 40 fraudulent ballots during the primary election in the 39th Ward, 36th Division, on behalf of defendant MICHAEL "OZZIE" MYERS' client candidates running for Judge of the Court of Common Pleas in the First Judicial District of Pennsylvania, and on behalf of defendant MICHAEL "OZZIE" MYERS' preferred candidates for other state and local offices.

9. On or about May 19, 2015, defendant MICHAEL "OZZIE" MYERS called Domenick J. Demuro shortly after the polls closed on primary Election Day to confirm

that fraudulent votes had been added to support defendant MYERS' clients and preferred candidates.

10. On or about May 19, 2015, after the polls closed, Domenick J. Demuro, and others known to the grand jury, turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine #021873 and Machine #021874 documenting 259 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 219 voters physically appeared at the polling station to cast ballots.

11. On or about April 26, 2016, defendant MICHAEL "OZZIE" MYERS called Domenick J. Demuro soon after the opening of the polls on primary Election Day to discuss their plans to add fraudulent votes.

12. On or about April 26, 2016, Domenick J. Demuro, and others known and unknown to the Grand Jury, added 46 fraudulent ballots during the primary election in the 39th Ward, 36th Division, on behalf of defendant MICHAEL "OZZIE" MYERS' preferred candidates running for election to federal, state, and local offices.

13. On or about April 26, 2016, defendant MICHAEL "OZZIE" MYERS called Domenick J. Demuro multiple times shortly after the polls closed on primary Election Day to confirm that fraudulent votes had been added to support defendant MYERS' clients and preferred candidates.

14. On or about April 26, 2016, after the polls closed, Domenick J. Demuro, and others known to the grand jury, turned in to the office of the Philadelphia City Commissioners the results receipts from voting Machine #021873 and Machine #021874

documenting 266 ballots cast during the primary election in the 39th Ward, 36th Division, even though only 220 voters physically appeared at the polling station to cast ballots.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 10 of Count One are incorporated herein by reference.

2. The laws of the Commonwealth of Pennsylvania, specifically, 18 Pa.C.S.A. § 4701, provide that bribery is a violation of the laws of the Commonwealth of Pennsylvania.

3. On or about May 19, 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

aided and abetted by Domenick J. Demuro and others, known and unknown to the grand jury, used a facility in interstate and foreign commerce, namely a cellular telephone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, bribery in violation of 18 Pa.C.S.A. § 4701, and thereafter committed and attempted to commit an act of bribery by fraudulently adding votes in a primary election in exchange for money to further such unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(3), and Title 18, United States Code, Section 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 10 of Count One are incorporated herein by reference.

2. On or about May 19, 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

aided and abetted by Domenick J. Demuro, and others known and unknown to the grand jury, knowingly concealed, covered up, falsified, and made false entries in documents and records, specifically, the results receipts from voting Machine #021873 and Machine #021874 documenting 259 ballots cast during the primary election in the 39th Ward, 36th Division, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter, and in relation to and contemplation of such matter, which was within the jurisdiction of a department and agency of the United States, specifically, the U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI").

In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 14 of Count One and Paragraph 2 of Count Two are incorporated herein by reference.

    2.    On or about April 26, 2016, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

aided and abetted by Domenick J. Demuro and others, known and unknown to the grand jury, used a facility in interstate and foreign commerce, namely a cellular telephone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, bribery in violation of 18 Pa.C.S.A. § 4701, and thereafter committed and attempted to commit an act of bribery by fraudulently adding votes in a primary election in exchange for money to further such unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(3), and Title 18, United States Code, Section 2.

12

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 14 of Count One are incorporated herein by reference.

2. On or about April 26, 2016, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

aided and abetted by Domenick J. Demuro, and others known and unknown to the grand jury, knowingly concealed, covered up, falsified, and made false entries in documents and records, specifically, the results receipts from voting Machine #021873 and Machine #021874 documenting 266 ballots cast during the primary election in the 39th Ward, 36th Division, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter, and in relation to and contemplation of such matter, which was within the jurisdiction of a department and agency of the United States, specifically, the DOJ and the FBI.

In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 14 of Count One are incorporated herein by reference.

2.  In 2016, the primary election ballot in the 39th Ward, 36th Division contained candidates for the office of President, Vice President, presidential elector, Member of the United States Senate, and Member of the United States House of Representatives.

3.  On or about April 26, 2016, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

aided and abetted by Domenick J. Demuro, and others known and unknown to the grand jury, voted more than once in a primary election held solely or in part for the purpose of selecting and electing any candidate for the office of Member of the United States House of Representatives.

In violation of Title 52, United States Code, Section 10307(e), and Title 18, United States Code, Section 2.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

     1.     Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 14 of Count One and Paragraph 2 of Count Six are incorporated herein by reference.

     2.     On or about April 26, 2016, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

conspired with Domenick J. Demuro, and others known and unknown to the grand jury, to illegally vote more than once in a primary election held solely or in part for the purpose of selecting and electing any candidate for the office of Member of the United States House of Representatives.

     In violation of Title 52, United States Code, Section 10307(c), and Title 18, United States Code, Section 2.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 9 and 11 through 15 and Overt Acts 1 through 14 of Count One are incorporated herein by reference.

2. From on or about April 12, 2017 through on or about May 8, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL "OZZIE" MYERS,**

knowingly engaged in misleading behavior towards another person with the intent to hinder, delay, and prevent the communication to law enforcement officers, that is, agents of the FBI, information relating to the commission and possible commission of a federal offense, and attempted to do so, by among other things:

    a. Instructing Domenick J. Demuro not to discuss the "ballot stuffing" over the telephone;

    b. Advising Domenick J. Demuro to conceal the receipt of bribes by providing fictitious names to be listed as the payee on checks drawn on the campaign accounts of defendant MYERS' preferred candidates and unwitting clients by telling Demuro, "I'm gonna get you a couple checks there's no question about that. If you want to give me a - a different name than Domenick Demuro that's your business...."

    c. Advising Domenick J. Demuro that defendant MYERS would hand Demuro bribe payments in the form of checks after the deadline for the last campaign finance report prior to the May 2017 primary election because, "you don't wanna - you don't wanna be on any [candidate's campaign finance] report May 7th when the election is May 16th;"

  d. Having Domenick J. Demuro sign receipts for bribe payments in the form of cash and instructing Demuro that "if there was ever a question Dom . . . you know you'd say well I gave the money out Election Day [to get out the vote];"

  e. Providing a check to Domenick J. Demuro drawn on the campaign account of defendant MYERS' client candidate and made payable to Demuro's spouse and later falsely characterized on the unwitting candidate's campaign finance report as supporting a "get out the vote" effort.

  In violation of Title 18, United States Code, Section 1512(b)(3) and Title 18, United States Code, Section 2.

            **A TRUE BILL:**

            **GRAND JURY FOREPERSON**

_____
WILLIAM M. McSWAIN
UNITED STATES ATTORNEY

_____
COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE