**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No. 20-210** |
| | | **Hon. Paul S. Diamond** |
| **MICHAEL "OZZIE" MYERS** | | |

### UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER

The United States of America (the "Government"), through its undersigned attorneys, with the consent of defendant Michael "Ozzie" Myers, moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter into force the attached proposed protective order governing discovery in this matter.

The Government has provided counsel for the defendant with a copy of the proposed protective order and they have confirmed their non-opposition.   Moreover, the Government plans to immediately provide to the defendant discovery that meets and exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and this Court's Order for Discovery and Inspection.   For example, the Government intends to provide the defendants with the FD-302s (formal interview reports) for every individual interviewed as part of this investigation, irrespective of whether the individual will appear as a witness at trial.   Much of the material the Government intends to produce—including the material that exceeds the Government's discovery obligations—consists of sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers; private financial information; sensitive information from other departments and agencies of the executive branch; and confidential and sensitive information

1

developed through investigations of law enforcement and the use of the grand jury. *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's proceedings conclude).   Accordingly, the Government respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the Government provides to the defendants in this case.

Such material will be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court.   The Government intends to begin production of the material upon entry of the proposed order.   Counsel for the defendant have indicated that they have no objections to the proposed protective order.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

By:

/s/   Eric L. Gibson
ERIC L. GIBSON
Assistant United States Attorney

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

attorneys of record for the defendant, including:

Noah Gorson
Attorney At Law
1845 Walnut Street
Suite 1300
Philadelphia, PA 19103

Arnold Silverstein, Esq.
1700 Sansom Street
Penn Center, Rittenhouse Square
Philadelphia, PA   19103

Dated: _____              /s/   Eric L. Gibson_____
                                   ERIC L. GIBSON
                                   Assistant United States Attorney

3