Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street #1300
Philadelphia, PA 19103
(215) 569-4661                                          Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CRIMINAL NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS" | : | |

## MOTION FOR DISMISSAL OF COUNTS THREE, FOUR, FIVE, SEVEN AND EIGHT OF THE INDICTMENT

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Defendant, Michael "Ozzie" Myers, by and through co-counsel, Noah Gorson and Arnold Silverstein ("counsel"), file the forgoing motion for dismissal of counts three, five and eight of the above filed Indictment, and in support of this motion state:

1. On or about July 21, 2020, Defendant was charged in an eight count Indictment with violations of 18 U.S.C. § 241 (conspiracy to deprive persons of civil rights), 52U.S.C. § 10307(c) (conspiring to illegally vote in federal election) and related charges all stemming from elections held in Philadelphia from in or about April 2014 to June 2016.

2. Count three of the Indictment charges Defendant with violating 18 U.S.C. § 1519 and 18 U.S.C. § 2, for allegedly adding votes on two voting machines on May 19, 2015.

3. Count four of the Indictment charges Defendant with violating 18 U.S.C. § 1952(a)(3), known as the Travel Act, and 18 U.S.C. § 2, for allegedly engaging in conduct more specifically set forth in the Indictment.

4. Count five of the Indictment charges Defendant with violating 18 U.S.C. § 1519 and 18 U.S.C. § 2, for allegedly concealing, covering up, and making false entries in documents and records, specifically, the result receipts from two voting machines on or about April 26, 2016 for votes cast during a primary election.

5. Count seven of the Indictment charges Defendant with violating 52 U.S.C. § 10307(c) and 18 U.S.C. § 2, for allegedly voting more than once in a primary election held for selecting a candidate for office of member of the Units States House of Representatives.

6. Count eight of the Indictment charges Defendant with violating 18 U.S.C. § 1512(b)(3) and 18 U.S.C. § 2, for allegedly providing a check drawn on the campaign of one of defendant's candidate clients and making said check payable to the spouse his coconspirator, Dominick Demuro, and later falsely characterizing said check as a "get out the vote" effort.

7. As set forth in the memorandum of law being filed contemporaneously herewith, counts three, five and eight of the Indictment should be dismissed as insufficient evidence was presented to the charging Grand Jury to meet the elements of the charges set forth therein.

**WHEREFORE** Defendant requests that Counts Three, Four, Five, Seven and Eight of the Indictment be dismissed.

RESPECTFULLY SUBMITTED:

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE
ATTORNEY FOR DEFENDANT

BY: _/s/ Arnold Silverstein_
ARNOLD SILVERSTEIN, ESQUIRE
ATTORNEY FOR DEFENDANT

Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street #1300
Philadelphia, PA 19103
(215) 569-4661                                            Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CRIMINAL NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS" | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF COUNTS THREE, FOUR, FIVE, SEVEN AND EIGHT OF THE INDICTMENT

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Defendant, Michael "Ozzie" Myers, by and through co-counsel, Noah Gorson and Arnold Silverstein ("counsel"), file the forgoing Memorandum of law in support of his motion for dismissal of counts three, five and eight of the above filed Indictment.

### THE INDICTMENT

On or about July 21, 2020, Defendant was charged in an eight count Indictment with violations of 18 U.S.C. § 241 (conspiracy to deprive persons of civil rights), 52U.S.C. § 10307(c) (conspiring to illegally vote in federal election) and related charges all stemming from elections held in Philadelphia from in or about April 2014 to June 2016 (the "Indictment"). Essentially, the Government alleges that Defendant, a political consultant in Philadelphia, conspired with Domenick J. Demuro ("Demuro"), a Judge of Elections for Philadelphia's 39th Ward 36th Division. On March 3, 2020, Demuro was charged in a two-count Information with conspiring to violate civil rights and violating the Travel Act for

activities in his capacity as a Judge of Elections. On May 21, 2020, Demuro pleaded guilty to the charges in the Information pursuant to a Plea Agreement in which he agreed to cooperate with the Government. The Indictment

Count three of the Indictment charges Defendant with violating 18 U.S.C. § 1519 and 18 U.S.C. § 2, for allegedly adding votes on two voting machines on May 19, 2015.

Count four of the Indictment charges Defendant with violating 18 U.S.C. § 1552(a)(3), known as the Travel Act, and 18 U.S.C. § 2 for allegedly engaging in conduct more specifically set forth in the Indictment.

Count five of the Indictment charges Defendant with violating 18 U.S.C. § 1519 and 18 U.S.C. § 2, for allegedly concealing, covering up, and making false entries in documents and records, specifically, the result receipts from two voting machines on or about April 26, 2016 for votes cast during a primary election.

Count seven of the Indictment charges Defendant with violating 52 U.S.C. § 10307(c) and 18 U.S.C. § 2, for allegedly voting more than once in a primary election held for selecting a candidate for office of member of the Units States House of Representatives.

Count eight of the Indictment charges Defendant with violating 18 U.S.C. § 1512(b)(3) and 18 U.S.C. § 2, for allegedly providing a check drawn on the campaign of one of defendant's candidate clients and making said check payable to the spouse his coconspirator, Dominick Demuro, and later falsely characterizing said check as a "get out the vote" effort.

### COUNT THREE

In order to prove violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2, the Government must show that defendant (1) knowingly committed enumerated act in statute, such as destroying or concealing; (2) towards "any record, document, or tangible object"; (3) with intent to obstruct actual or contemplated investigation by United States of matter within its jurisdiction. *United States v. Katakis, 800 F.3d 1017, 2015 U.S. App. LEXIS 15340 (9th Cir. 2015)*. § **Section 1519 requires that the defendant act knowingly. A defendant "is said to act knowingly if he is aware 'that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.'"** *United States v. Bailey*, 444 U.S. 394, 404, 100 S. Ct. 624, 62 L. Ed. 2d 575 (1980) (quoting *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 445, 98 S. Ct. 2864, 57

L. Ed. 2d 854 (1978)). "[T]he term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States*, 524 U.S. 184, 193, 118 S. Ct. 1939, 141 L. Ed. 2d 197 (1998)

Count Three alleges in 2015 Demuro added 40 votes to the vote totals. Count three must be dismissed because there is no evidence of any attempt to conceal or destroy any record, document, or tangible object. The addition of 40 votes cannot in anyway be interpreted as attempt to conceal or destroy any record. In addition, this count must be dismissed because it fails to allege Defendant knew, should have known or contemplated an investigation. For this reason, count three of the Indictment must be dismissed or stricken.

## COUNT FOUR

The Travel Act, in pertinent part provides:

"a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to--

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform--

(A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or

(B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.

(b) As used in this section (i) "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title and (ii) the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States."

Defendant moves to dismiss the indictment because the Government fails to allege in the indictment that the Defendant used the phone across state lines.

Though the Defendant recognizes the majority of the circuits do not require interstate phone use, but find a phone is an interstate facility and intrastate call is sufficient. Defendant believes the minority position which requires an interstate phone call as an element of the charge is the correct decision.

In 18 USC 1952 the statute states "uses the mail or any facility in interstate or foreign commerce." Defendant submits the wording of the statute means the facility must be used in interstate commerce[1]. If the Court adopts the defense position the indictment must be dismissed as it does not set out the necessary interstate calls required by 18 USC 1952.

For the above reasons count four of the Indictment must be dismissed.

## COUNT FIVE

In order to prove a violation of 18 USC 1519 and 18 USC 2. , Government must show that defendant (1) knowingly committed enumerated act in statute, such as destroying or concealing; (2) towards "any record, document, or tangible object"; (3) with intent to obstruct actual or contemplated investigation by United States of matter within its jurisdiction. **_United States v. Katakis, 800 F.3d 1017, 2015 U.S. App. LEXIS 15340 (9th Cir. 2015)_**.

There is no evidence that at the time the machine was allegedly tampered with Defendant knew of an actual investigation or that an investigation was being contemplated; scienter of an investigation is an essential element of the charge of 18 USC 1519. For this reason, count five of the Indictment must be dismissed.

---

[1] Defendant is aware that most jurisdiction hold that a phone is a facility of interstate commerce and that there is no requirement that any phone call be made interstate under the relevant statute.

## COUNT SEVEN

In order to prove a violation of 52 U.S.C. § 10307(c) and 18 U.S.C. § 2, the Government must show that:

Defendant "knowingly or willfully gives false information as to his name, address or period of residence in the voting district for the purpose of establishing his eligibility to register or vote, or conspires with another individual for the purpose of encouraging his false registration to vote or illegal voting, or pays or offers to pay or accepts payment either for registration to vote or for voting .. "

The Indictment alleges that on or about April 26, 2016, Demuro, and others, "added 46 fraudulent ballots during the primary election'. The fraudulent ballots, allegedly, were added by Demuro by manipulating the voting machines and then submitting receipts from same that did not match the logs of the actual voters that signed to vote. No evidence was submitted to the Grand Jury that Defendant directly or conspired with another gave false information as to name, address or period of residency to establish eligibility to vote. For this reason, count seven of the Indictment must be dismissed.

## COUNT EIGHT

The charge in Count eight requires the Government prove either an official proceeding or that an official proceeding be contemplated by Defendant. See *United States v. Aguilar, 515 U.S. 593, 115 S. Ct. 2357, 132 L. Ed. 2d 520 (1995)* (A charge of obstructing or impeding the due administration of justice in a court cannot stand unless it appears that the doer knew or had notice that justice was being administered in such court. A person lacking knowledge of a pending proceeding necessarily lacked the evil intent to obstruct.) In our case there is/was no evidence presented to the grand jury or for that matter anywhere in the record to show there was an official proceeding the Defendant knew or that Defendant contemplated an official proceeding by the Government.

For the above reasons count eight of the Indictment must be dismissed or stricken.

**WHEREFORE** Defendant requests that Counts Three, Four, Five, Seven and Eight of the Indictment be dismissed.

RESPECTFULLY SUBMITTED:

**BY:** _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE
ATTORNEY FOR DEFENDANT

**BY:** _/s/ Arnold Silverstein_
ARNOLD SILVERSTEIN, ESQUIRE
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of September 25, 2020.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney=s Office
Eastern District of Pennsylvania
**Assistant United States Attorney
Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE