IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

     VS.     :     CRIMINAL NO. 20-CR-210

MICHAEL "OZZIE" MYERS"     :

**ORDER**

AND NOW, to wit, this     day of     , 2020, upon consideration of the within Motion to Bar Admission of Audiotapes, Response thereto and Argument thereon, it is hereby ORDERED and DECREED that:

Defendant's Motion is granted and the Government is prohibited from introducing the audiotapes at time of trial.

BY THE COURT:

J.

Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street # 1300
Philadelphia, PA 19103
(215) 569-4661                                    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

        VS.                     :        CRIMINAL NO. 20-CR-210

MICHAEL "OZZIE" MYERS"          :


### MOTION TO BAR ADMISSION OF THE AUDIOTAPES


1.   Michael Myers is hereinafter referred to as Defendant.

2.   Defendant is charged in an eight count Indictment.

3.   The Government alleges that Defendant paid money to Domenic Demuro, cooperating defendant, to vote multiple times in an effort to stuff the ballot box. Defendant denies these allegations.

4.   During the course of the Government's investigations cooperating defendant wore a hidden microphone and recorded a number of conversations with Defendant and others.

5.   Before any ruling on the admissibility of the tapes between DeMuro and other persons (not Defendant) the Court must determine if these statements in the tapes are admissible in evidence. Defendant submits these taped conversations are hearsay. In addition, these statements are not admissible as a statement made by a coconspirator under Federal Rule of Evidence 801(d)(2)(E) because there is no evidence of a conspiracy between DeMuro, Defendant and those intercepted on Demuro's wire. These statements are hearsay

and are inadmissible regardless of Starks. If the Court finds they are not hearsay statements and/or are admissible hearsay they are inadmissible for failing to meet the requirements of Starks and/or Fed. R. Evid. 901(a).

    6.  Defendant believes the Government intends to introduce some/all of these recordings at Defendant's trial.

    7.  Defendant believes and therefore avers, unless and until evidence to the contrary is presented, that the 1) recording device was not capable of recording the conversations in this case; 2) the operator of the device was not competent; 3) the recording or copy of the same is not authentic and correct; 4) changes, deletions may have been made to the recordings; 5)recordings were not preserved; 6) speakers are not identified; 7) conversation were not voluntarily made, nor were they made in good faith without any kind of inducements.

    8.  Before a sound recording is admitted into evidence, a foundation must be established by showing the following facts: (1) That the recording device was capable of taking the conversation now offered in evidence; (2) That the operator of the device was competent to operate the device; (3) That the recording is authentic and correct; (4) That changes, additions or deletions have not been made in the recording; (5) That the recording had been preserved in a manner that is shown to the court; (6) That the speakers are identified; and (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement. United States v. Starks, 515 F.2d 112, 122 (3d Cir. 1975). Starks pre-dates Federal Rule of Evidence 901(a) which provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a)'. While there is some uncertainty regarding whether Rule 901(a) supersedes the Starks standard, see United States v. Madera, No. 17-CR-298, 2019 WL 2509896, at *3 (M.D. Pa. June 14, 2019), the Third Circuit has continued to consider the Starks factors. Madera stated, "Many courts have found Starks application less critical in light of Federal Rule of Evidence 901." United States v. Davis, No. CR 18-270, 2018 U.S. Dist. LEXIS 209333, 2018 WL 6524240, at *8 (E.D. Pa. Dec. 12, 2018) (citing United States v. Tahn Le, 542 F. App'x 108, 117 n.9 (3d Cir. 2013) (Rendell, J.) ("It is unclear whether Starks remains relevant after the enactment of Fed. R. Evid. 901."); United States v.

Kaboni, No. 07-550-03, 2013 U.S. Dist. LEXIS 14327, 2013 WL 420334, at *2 n.5 (E.D. Pa. Feb. 4, 2013) ("There has been uncertainty as to whether Congress' adoption of the Federal Rules of Evidence and, specifically **Rule 901**, abrogated Starks .")). However, the Circuit Court continues to reference the Starks factors in the consideration of the admissibility of audio recordings. *See, e.g.,* Flood v. Schaefer, 754 Fed. Appx. 130, 133 (3d Cir. 2018) (not precedential). Therefore, this Court will consider the Starks factors but, as advised by Credico, 718 F. App'x at 119, the Court will not apply them as a rigid standard. Further, the Court will determine "whether the proof of facts creates a sufficient foundation for the admission of a tape recording," using the burden of proof for authentication generally. See, e.g. Flood v. Schaefer, 754 F. App'x 130, 133 (3d Cir. 2018) (non-precedential).

9.   Defendant submits the Government must meet the requirements set out in Starks, supra., to establish admissibility of the tapes. With regard to the admission of tapes the Government must establish issues stated in Starks, supra., by clear and convincing evidence. See Starks, supra., and United States v. Mack, 2020 U.S. Dist. LEXIS 170291.

10. Defendant submits the Government will not be able to meet its burden to authenticate the tapes pursuant to Starks or Fed R. Evidence Rule 901. For these reasons the tapes are not admissible.

**WHEREFORE** the Court finds the Government failed to authenticate the recordings and they are barred from use at Defendant's trial.

## MOTION TO SUPPRESS THE TAPES

10.  Defendant moves to incorporate paragraphs 1 thru 9 above.

11.  The Government may intercept and record communications without Court authorization provided that a party to the communication consents to the interception. See 18 U.S.C. § 2511 (2) (c); United States v. Santillo, 507 F.2d 629, 633-34 (3d Cir. 1975). Determining whether a person's consent to the recording of a phone conversation is "voluntary" is not a simple task. *See* Culombe v. Connecticut, 367 U.S. 568, 604-05, 6 L. Ed. 2d 1037, 81 S. Ct. 1860 (1961) (opinion of Frankfurter, J.). It is a question of fact, which the court must determine from the totality of the circumstances. Schneckloth

v. Bustamonte, 412 U.S. 218, 227, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); United States v. Sanford, 673 F.2d 1070, 1072 (9th Cir. 1982); United States v. Brandon, 633 F.2d 773, 776 (9th Cir. 1980). Consent to a wiretap is not voluntary where it is coerced Schneckloth, 412 U.S. at 228; Osser, 483 F.2d at 730. An individual's decision to allow the police to record a phone conversation, however, is not necessarily involuntary just because that individual's motives were self-seeking, or because he harbored expectations of personal benefit. Moskow, 588 F.2d at 891; Osser, 483 F.2d at 730. Rather consent will be considered voluntary if, from the totality of the circumstances, the trial court determines that the party agreeing to a wiretap did so consciously, freely, and independently and not as the result of a coercive overbearing of his will.

12. Defendant submits that Cooperating Defendant did not voluntarily consent to the recordings in this case, but was in fact obtained, either by explicit or implicit means or by implied threat or covert force.

13. The issue of consent is a factual question for the Court to determine. Defendant submits after a hearing the evidence will show party agreeing to a recorded conversation did not do so consciously, freely, and independently and not as the result of a coercive overbearing of his will.

WHEREFORE, DEFENDANT prays the Court will suppress the recorded conversations and bar their use at trial.

RESPECTFULLY SUBMITTED:

BY:   /s/ Noah Gorson
      NOAH GORSON, ESQUIRE
      ATTORNEY FOR DEFENDANT

BY:   /s/ Arnold Silverstein
      ARNOLD SILVERSTEIN, ESQUIRE
      ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of October 2, 2020.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney=s Office
Eastern District of Pennsylvania
**Assistant United States Attorney**
**Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

**BY:**   _/s/ Noah Gorson_____
NOAH GORSON, ESQUIRE