Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street # 1300
Philadelphia, PA 19103
(215) 569-4661                                            Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CRIMINAL NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS" | : | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO BAR ADMISSION OF AUDIOTAPES AND REQUEST FOR AN EVIDENTIARY HEARING

Defendant, Michael "Ozzie" Myers, by and through co-counsel, Noah Gorson and Arnold Silverstein ("counsel"), file the forgoing Reply to Government's Response in Opposition to Motion to Bar Admission of Audiotapes:

1. On or about July 21, 2020, Defendant was charged in an eight count Indictment with violations of 18 U.S.C. § 241 (conspiracy to deprive persons of civil rights), 52U.S.C. § 10307(c) (conspiring to illegally vote in federal election) and related charges all stemming from elections held in Philadelphia from in or about April 2014 to June 2016.

2. The Indictment, essentially, alleges that Defendant paid money to Domenic Demuro, cooperating witness, to vote multiple times in an effort to stuff the ballot box. Defendant denies these allegations.

3. During the course of the Government's investigations cooperating witness wore a hidden microphone and recorded a number of conversations with Defendant and others.

4. Defendant filed a Motion to Bar Admission of Audiotapes ("Motion to Bar") and herewith incorporates the facts and argument previously set forth in said motion and memorandum.

5. Before any ruling on the admissibility of the audiotapes, the Court should conduct an evidentiary hearing to insure that the audiotapes meet the requirements of *Starks* and Fed. R. Evid. 901(a).

6. Pursuant to *Starks* the Government must establish the following before an audiotape can be admitted into evidence:
"(1) That the recording device was capable of taking the conversation now offered in evidence.
 (2) That the operator of the device was competent to operate the device.
 (3) That the recording is authentic and correct.
 (4) That changes, additions or deletions have not been made in the recording.
 (5) That the recording had been preserved in a manner that is shown to the court.
 (6) That the speakers are identified.
 (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement

7. Whether a party's consent to the recording of a conversation is "voluntary" is a question of fact, which the court must determine from the totality of the circumstances. **United States v. Kelly**, 708 F.2d 121, 125 (3d Cir. 1983).

8. Consent requires a showing that "the party agreeing to a wiretap did so consciously, freely, and independently and not as the result of a coercive overbearing of his will.".

9. For all of the above reasons, Defendant respectfully requests an evidentiary hearing.


WHEREFORE, DEFENDANT prays the Court conduct an evidentiary hearing and after same suppress the recorded conversations and bar their use at trial.



                                          RESPECTFULLY SUBMITTED:


BY:   /s/ *Noah Gorson*
       NOAH GORSON, ESQUIRE
       ATTORNEY FOR DEFENDANT



BY:   /s/ *Arnold Silverstein*
       ARNOLD SILVERSTEIN, ESQUIRE
       ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of November 18, 2020.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney=s Office
Eastern District of Pennsylvania
**Assistant United States Attorney**
**Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE