IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS COUNTS THREE AND FIVE OF THE INDICTMENT**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, hereby responds to defendant's latest pretrial motion to dismiss Counts Three and Five in the indictment. ECF No. 31.

## I. INTRODUCTION

In this case, former U.S. Congressman Michael "Ozzie" Myers is charged by indictment with conspiring to violate voting rights by fraudulently stuffing the ballot boxes – also known as ringing up votes - for specific political candidates in the 2014, 2015, and 2016 primary elections, bribery of an election official, falsification of records, voting more than once in federal elections, and obstruction of justice. ECF No. 1 (Indict.). Specifically, Myers is alleged to have bribed Domenick Demuro, the Judge of Elections for the 39th Ward, 36th Division in Philadelphia, in a fraudulent ballot stuffing scheme over several years. *Id*. at ¶ 11. The pertinent facts and allegations are set forth in the government's response to defendant's first motion to dismiss the indictment. *See* ECF No. 28 at 1-5.

II.     **ARGUMENT**

Counts Three and Five allege the falsification of records in violation of 18 U.S.C. § 1519, which makes it a crime to "knowingly…make[] a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation of proper administration of any matter within the jurisdiction of any department or agency of the United States…or in relation to or contemplation of any such matter."

The defendant's latest motion requests dismissal of these two counts on grounds he previously raised in his first motion to dismiss.   Myers argues that Counts Three and Five fail because "the Government never alleged in the indictment that the Defendant intended to impede an investigation or allege [sic] that an investigation existed."   ECF No. 31 at 2.   In his previous motion, Myers argued that he could not be charged with violating § 1519 because there "is no evidence that defendant knew of an actual investigation, or that an investigation was being contemplated."   ECF No. 18 at 6.[1]   The government earlier filed a response in opposition to defendant's argument.   That response thoroughly addresses Myers's current motion in this Court, and we rely on it here.   *See* ECF No. 28 at 9-12.   Defendant's argument is (again) foreclosed by the Third Circuit's ruling in *United States v. Moyer*, 674 F.3d 192, 210 (3d Cir. 2012), which Myers ignores (again).

As we noted in our previous response (ECF No. 28 at 12), actual knowledge is irrelevant.[2]   *United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011) (holding that, for

---

1 As we noted in our first response, Myers' legal argument was raised only in connection with Count Five, but this legal argument obviously pertains to Count Three as well.   *See* ECF No. 28 at 12, n. 5.
2 Nonetheless, the indictment describes in detail facts alleging conduct on the part of defendant Myers showing that he acted with the intent to obstruct justice and federal law enforcement.   In particular, the indictment alleges that Myers:   "a.) [instructed] Domenick J. Demuro not to discuss the 'ballot stuffing' over the telephone; b.) [advised] Domenick J. Demuro to conceal the receipt of bribes by providing fictitious names to be listed as the payee on

purposes of 18 U.S.C. § 1519, the government need not prove that the defendant knew his actions were likely to affect a federal matter; rather, "[i]t is sufficient that the 'matter' is within the jurisdiction of a federal agency as a factual matter"); *United States v. Cooper*, 482 F.3d 658, 664–65 (4th Cir. 2007) ("It is well settled that *mens rea* requirements typically do not extend to the jurisdictional elements of a crime—that 'the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.'"); *United States v. Ionia Management S.A.*, 526 F. Supp.2d 319, 329 (D. Conn. 2007) (observing that 18 U.S.C. § 1519 does not require that defendants be aware of a federal proceeding).

Even at trial, "[t]he government . . . need not prove that [defendant] actually knew that the 'matter' at issue was within the jurisdiction of the federal government when he falsified documents. It need only prove that he knowingly falsified documents." *Moyer, supra*, 674 F.3d 210. Defendant's latest, repetitious attack on Counts Three and Five should be rejected.

---

checks drawn on the campaign accounts of defendant MYERS' preferred candidates and unwitting clients by telling Demuro, 'I'm gonna get you a couple checks there's no question about that. If you want to give me a - a different name than Domenick Demuro that's your business…;' c.) [advised] Domenick J. Demuro that defendant MYERS would hand Demuro bribe payments in the form of checks after the deadline for the last campaign finance report prior to the May 2017 primary election because, 'you don't wanna - you don't wanna be on any [candidate's campaign finance] report May 7th when the election is May 16th;' d.) [had] Domenick J. Demuro sign receipts for bribe payments in the form of cash and instructing Demuro that 'if there was ever a question Dom . . . you know you'd say well I gave the money out Election Day [to get out the vote];' [and,] e.) [provided] a check to Domenick J. Demuro drawn on the campaign account of defendant MYERS' client candidate and made payable to Demuro's spouse and later falsely characterized on the unwitting candidate's campaign finance report as supporting a 'get out the vote' effort." ECF No. 1 Count Eight ¶¶ 2(a) through 2(e).

    The very content of the communications and instructions from Myers, *a former United States Congressman tampering with multiple federal elections,* shows that he clearly anticipated that the scheme might draw the attention of federal investigators. The indictment alleges that he specifically told Demuro not to discuss the ballot stuffing scheme over the telephone, obviously concerned that federal law enforcement might be listening in to their conversations (a well-founded fear). Additionally, the creation of misleading and phony receipts to paper over and justify the bribe payments in cash, the fictitious payee names for bribes in the form of checks, the intentional delay of reporting the bribe payments drawn on candidates' campaign accounts on campaign finance reports until after the elections, and the explicit instructions to attribute the bribe payments "to get out the vote" efforts if and when Demuro was confronted about the scheme, all show consciousness of guilt.

3

WHEREFORE, for these reasons, the government in this case respectfully submits that defendant's Second Motion to Dismiss Counts Three and Five should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

By:

/s/ Eric L. Gibson
ERIC L. GIBSON
RICHARD P. BARRETT
Assistant United States Attorneys

Dated: February 3, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's Second Motion to Dismiss Counts Three and Five has been served upon all counsel of record electronically and via ECF.

s/ Eric L. Gibson
ERIC L. GIBSON
Assistant United States Attorney

Dated: February 3, 2021