**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **NO. 20-CR-210** |
| **MICHAEL "OZZIE" MYERS** | **:** | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO ADMIT SPECIFIC INSTANCES OF CONDUCT THROUGH CHARACTER WITNESSES**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, hereby responds to defendant's attempt to introduce irrelevant and self-serving specific instances of conduct through character witnesses.   ECF No. 32.

## I.     INTRODUCTION

In this case, former U.S. Congressman Michael "Ozzie" Myers is charged by indictment with conspiring to violate voting rights by fraudulently stuffing the ballot boxes – also known as ringing up votes - for specific political candidates in the 2014, 2015, and 2016 primary elections, bribery of an election official, falsification of records, voting more than once in federal elections, and obstruction of justice.   ECF No. 1 (Indict.).   Specifically, Myers is alleged to have bribed Domenick Demuro, the Judge of Elections for the 39th Ward, 36th Division in Philadelphia, in a fraudulent ballot stuffing scheme over several years.   *Id*. at ¶ 11.   The pertinent facts and allegations are set forth in the government's response to defendant's first motion to dismiss the indictment.   *See* ECF No. 28 at 1-5.

## II.    ARGUMENT

### A.    The Defendant's Prior "Good" Acts Are Inadmissible Under Rule 405.

Defendant Myers argues that he should be permitted to introduce evidence that he paid other partisans and ward leaders to "organize their wards for [Myers'] candidates." ECF 32 at 1. He further seeks to introduce testimony from these witnesses that Myers "never asked them to add false votes for his candidates in any election." *Id*. In support of the admissibility of such testimony, Myers relies upon Federal Rule of Evidence 405(b). He claims that he may introduce specific instances of good conduct to show that he did not bribe or conspire with Demuro as charged in the Indictment. In making this argument, Myers ignores the clear intent and limitations of the Federal Rules of Evidence.

At bottom, Myers seeks to introduce propensity evidence, that is, "he did not do it before, therefore, he did not do it *ever*." However, this is precisely the purpose forbidden by the Federal Rules of Evidence. Moreover, since Myers has failed to articulate with precision a permissible use for the evidence, which does not rely on an inference of propensity, his motion fails. *See United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (The Federal Rules of Evidence reflect "the revered and longstanding policy that, under our system of justice, an accused is tried for what he did, not who he is."). Therefore, evidence of prior acts should be excluded—"unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id*.; *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017) ("*Caldwell* makes clear that a logical chain of inferences must be articulated so that we are 'assure[d] that the evidence is not susceptible to being used improperly by the jury.'") (citation omitted); *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (same); *United States v. Ruffin*, 2015 WL

630395 ("[P]rior act evidence is inadmissible unless the evidence is . . . offered for a proper non-propensity purpose that is at issue in the case.") (non-precedential); s*ee also United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) ("Evidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable.") (internal quotations and citation omitted); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (evidence of other, legal trades may not be introduced to demonstrate defendant's honest intent concerning the charged futures contract).

Rule 404(a)(2)(A) states that a defendant in a criminal case "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). "In the criminal context, a pertinent character trait is one that is relevant to the offense charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002); *see also United States v. Staggs*, 553 F.2d 1073, 1076 (7th Cir. 1977) ("[A] character trait can only be 'pertinent' if its existence is relevant to the outcome of the case."), implicitly overruled on other grounds by *United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998); *United States v. Angelini*, 678 F.2d 380, 381 (5th Cir. 1980) (in Rule 404(a)(1) "pertinent is read as synonymously with relevant").

Unless a pertinent trait is an essential element of a crime or defense, a party seeking to introduce evidence of a defendant's pertinent trait is limited to reputation or opinion testimony. *See, e.g., United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013) ("law abidingness, or lack thereof, [was] not an essential element of a wire fraud charge, nor a defense to it"); *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997) (evidence of defendant's past cooperation with U.S. Army Intelligence was inadmissible under Rule 405(b) in prosecution alleging defendant

illegally exported fuel pumps to Libya, since character was not an element of charged crime).
Here, Myers does not advance any relevant trait for which character evidence is admissible. He
merely offers a generic trait of "honesty." ECF 32 at 1. Myers is charged with conspiring
against civil rights, bribery of an election official, falsification of records, voting more than once
in federal elections, and obstruction of justice. He fails to identify which essential elements are
negated by his alleged "honesty" on these other occasions.

Whether Myers chose not to bribe *other* election officials or ward leaders has no bearing
on the specific crimes charged in the Indictment. The probative value of Myers' proffer is
substantially outweighed by the risk of confusing the jury with extraneous matters, and threatens
to waste the court's and jury's time. *See United States v. Wilson*, 750 F.2d 7, 9 (2d Cir.1984) ("It
is a proper exercise of a district court's discretion ... to exclude evidence of specific acts intended
to demonstrate character traits not at issue."). Character is simply not an element of any of the
crimes with which Myers is charged.

> As Weinstein's treatise on Evidence warns, "permissive use of evidence of specific acts is
> regularly misinterpreted by trial lawyers. It is allowed only when character itself is an
> issue under substantive law." The treatise goes on to give as an example the issue of an
> employee's fitness to do her job in an action against the employer.[1] J. Weinstein, M.
> Berger & J. McLaughlin, 2 Weinstein's Federal Evidence § 405.05[4] (1997).

*United States v Doyle*, 130 F.3d at 542. Myers' argument "distorts Rule 405 beyond
recognition." *Id*. "[I]f specific good deeds could be introduced to disprove knowledge or
intention, which are elements of most crimes, the exception of Rule 405(b) would swallow the
general rule of 405(a) that proof of specific acts is not allowed." *Id*.

---

1 The Advisory Committee Notes to Rule 404 cite as examples of character traits, "the chastity of the victim under a
statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action
for negligently entrusting a motor vehicle to an incompetent driver."

Myers also ignores entirely Federal Rule of Evidence 404(a)(1), which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." This rule means that "[e]vidence of a person's character is generally not admissible to prove that he acted in conformity therewith on a particular occasion." *Government of the Virgin Islands v. Grant*, 775 F.2d 508, 510 (3d Cir. 1985). The rule applies to prior good acts as well as prior bad acts of the defendant. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008).

As the federal courts have repeatedly recognized, examples of prior good acts performed by a defendant are simply not "pertinent" to charges that the defendant on other occasions committed crimes. Thus, for example, in *United States v. Warner*, 396 F. Supp. 2d 924, 941 (N.D. Ill. 2005), aff'd, 498 F.3d 666 (7th Cir. 2007), the defendant sought to introduce evidence in a RICO and fraud trial, that as governor, he had committed good acts including commuting the sentences of all defendants on death row. The trial court granted the government's motion to exclude that evidence under Rules 404 and 405. The court noted that there was "no meaningful relationship" between the defendant's prior good acts and the crimes with which he was charged. 396 F. Supp. 2d at 941. The court also rejected the defendant's argument that his prior good acts were probative of the "pertinent trait" of "personal integrity," explaining that "[i]t simply does not logically follow that decisions made by a public official on policy matters make him

more or less honest, truthful, or law-abiding." *Id*. at 942 (quoting Gov't Reply at 11). *See also Gibson v. Mayor and Council of City of Wilmington,* 355 F.3d 215, 232 (3d Cir. 2004) (Where character for honesty is not an "essential element of a claim or charge," Rule 405(b) does not permit evidence of specific instances of conduct purportedly showing propensity for truthfulness); *United States v. Pantone*, 609 F.2d 675, 680 (3d Cir. 1979) ("Fed. R. Evid. 405 forbids the use of specific instances of conduct to prove good or bad character;" character is not an essential element of RICO offense and therefore inadmissible under Rule 405(b)).

Decisions from other federal courts are to the same effect, uniformly rejecting the proposition that a defendant's prior good acts are relevant in a criminal trial. *See, e.g., United States v. Marley*, 2015 WL 3555793, at *3-*4 (11th Cir. June 9, 2015) (upholding trial court's decision to exclude evidence of good acts performed by defendant in fraud prosecution on the ground that "evidence of the defendant's good conduct is not admissible to negate his criminal intent"); *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) ("prior good acts performed by the defendants allegedly for the good of the United States" inadmissible under Rule 404); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (upholding trial court's decision in fraud case to exclude evidence of defendant's "purportedly legitimate business activities" on the ground that "evidence of good conduct is not admissible to negate criminal intent"); *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (upholding trial court's decision to exclude evidence regarding the defendant's "dedication, aggressiveness and assertiveness" as a law enforcement officer on the ground that those traits were "neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged"); *United States v. Nazzaro*, 889 F.2d 1158,

1168 (1st Cir. 1990) (upholding trial court's decision to exclude evidence of "commendations received by" the defendant "in military service and as a police officer" on the ground that "the traits which they purport to show…were hardly 'pertinent' to the crimes of which [the defendant] stood accused"); *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983) (upholding trial court's decision to exclude evidence that the defendant "was a good county commissioner" on the ground that "[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant").  *See also United States v. McMahan*, 394 Fed. Appx. 453 (10th Cir. 2010) (upholding trial court's decision in bribery case to exclude evidence of specific instances when the defendant "refused to accept a questionable campaign contribution" or "did not provide favorable treatment to" the briber on the ground that the defendant's "attempt to employ evidence of specific instances of prior conduct to circumstantially prove his lack of intent to commit state-law bribery is prohibited" by the Federal Rules of Evidence).

B.     **The Defendant's Prior Good Acts Are Inadmissible As "Habit" Under Rule 406**.

Defendant's attempt to characterize his prior specific instances of conduct as "habit" within the meaning of Federal Rule of Evidence 406 fares no better.   Rule 406 provides that "evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."   Fed. R. Evid. 406.   "A habit ... is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time or of giving the hand-signal for a left turn, or alighting from railway cars while they are moving."   Fed. R. Evid. 406 Advisory Committee's Note.   It must be "semi-automatic."   *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011).

Committing a crime or refraining from the commission of crime is "not a semi-automatic act and does not constitute habit." *United States v. Troutman*, 814 F.2d 1428, 1454 (10th Cir. 1987) (district court properly excluded, as irrelevant, testimony concerning defendant's past official conduct not related to charged acts of extortion). Myers is barred from introducing as "habit" testimony that Myers "never asked [other ward leaders] to add false votes for his candidates in any election." ECF 32 at 1.

For these reasons, the government in this case respectfully submits that defendant's motion *in limine* to admit specific instances of good conduct should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

By:

/s/ Eric L. Gibson
ERIC L. GIBSON
RICHARD P. BARRETT
Assistant United States Attorneys

Dated: February 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's Motion *In Limine* to Admit Specific Instances of Conduct has been served upon all counsel of record electronically and via ECF.


<u>s/ Eric L. Gibson</u>
ERIC L. GIBSON
Assistant United States Attorney


Dated:   February 5, 2021