Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street #1300
Philadelphia, PA 19103
(215) 569-4661                              Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                :

VS.                                      :       CRIMINAL NO. 20-CR-210

MICHAEL "OZZIE" MYERS"                   :

## MOTION FOR SUPPLEMENTAL DISOVERY

DEFENDANT, Michael Myers, respectfully requests the Government provide Giglio material relevant to the credibility of Domenic Demuro, the key Government witness.

In support of the defense request we submit the following allegations.

1. Defendant is charged with voter fraud and related charges.

2. The chief government witness is Domenic Demuro.

3. Defense reasonably believes that Mr. Demuro was implicated, possibly a subject in a voter fraud investigation in 1985.

4. To the best of our knowledge and belief Demuro forged absentee ballots in the name of individuals in a South Philadelphia Nursing home.

5. To the best of our knowledge and belief Demuro was not charged and may have cooperated with the Government to avoid being charged. In any event Defendant submits information concerning the 1985 voter fraud matter is material and could affect the jury's judgment of the credibility of Demuro as a prosecution witness. The Government is required to provide the Defense with such evidence. See *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). See *United States v. Jumah*, **599 F.3d 799, 811 (7th Cir. 2010)**:

The Supreme Court further held in *Giglio*, 405 U.S. at 153, that any material evidence which might undermine the reliability of a government witness must be turned over to a defendant. In other

words, a new trial is required if the evidence at issue is (1) favorable, (2) suppressed and (3) material to the defense. See *United States v. Wilson*, 237 F.3d 827, 832 (7th Cir. 2001). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (Blackmun, J., concurring); *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) (discussing the *Bagley* standard). "Reasonable probability" does not mean something greater than 50% but rather "whether in . . . [the] absence [of the evidence, the defendant] received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles*, at 434.

6. Defendant submits if this material is not provided to the defense it would violate Defendant's rights under the Due Process clause of the United States Constitution and Giglio, supra.

7. Defendant submits this evidence is relevant to impeach the credibility of Domenic Demuro. See **United States v. Bissell, 954 F. Supp. 841 (D.N.J. 1996)**: In *Brady*, the United States Supreme Court held the Government's failure to disclose evidence favorable to a defendant who specifically requested it violated the right of the accused to Due Process when the evidence was material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Under *Brady*, materials must be disclosed if they go to the heart of the defendant's guilt or innocence or might affect the jury's judgment of the credibility of a crucial prosecution witness. Thereafter, the Court modified the Brady rule to require the Government to disclose exculpatory evidence even when the defendant had not requested the information. The Supreme Court held the Brady rule includes information that could be used to impeach the credibility of Government witnesses when the reliability of the witness could help determine the guilt or innocence of the accused.

WHEREFORE Defendant respectfully requests the Court issue and Order to compel the United States to produce any and all evidence relative to Dominic Demuro's involvement in the voter fraud investigation in 1985.

RESPECTFULLY SUBMITTED:

BY: /s/ Noah Gorson
NOAH GORSON, ESQUIRE
ATTORNEY FOR DEFENDANT

BY: /s/ Arnold Silverstein
ARNOLD SILVERSTEIN, ESQUIRE
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of February 5, 2021.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney's Office
Eastern District of Pennsylvania
**Assistant United States Attorney**
**Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE