Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street # 1300
Philadelphia, PA 19103
(215) 569-4661                                    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CRIMINAL NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS" | : | |

MOTION IN LIMINE TO DETERMINE IF THE DEFENSE CAN PRESENT WITNESSES
TO CONTRADICT ASSERTIONS MADE BY DOMENIC DEMURO

1. Defendant, Michael Myers is charged with a multi count indictment alleging conspiracy, bribery and other charges.

2. Domenic Demuro, hereafter referred to as Government witness, will testify against Defendant at trial.

3. It is anticipated the Government will present evidence that Defendant was a political consultant who worked for judicial candidates in the democratic primary to help them gain a place on the democratic ballot for the general election.

4. The Government witness was the ward chairman of the 39th ward and the committee person in charge of the 36th division of the 39th ward. In addition, he was the judge of elections for the 39th ward, 36th division.

5. It is anticipated the Government witness will testify that Defendant gave him money to coordinate the 39th ward for Defendant's candidates and to his add fraudulent votes for Defendant's candidates in the primary election.

6. On February 17, 2017 Government witness stated in an FBI 302 that he paid money to other election workers, not in 39th ward, 36th division to fraudulently increase voter totals on behalf of certain candidates.

7. Defendant anticipates that the Government may elicit this evidence at trial and/or if not elicited by the Government, Defendant will elicit this information on cross examination of Government witness.

8. The person(s) the Government witness says put up fraudulent votes were interviewed by the FBI and all says they never put up false or fraudulent votes as claimed by Government witness.

9. The Defense wants to call as witnesses the people the Government witness says put up fraudulent votes to contradict the Government witness.

10. The Defense respectfully request the Court rule In Limine to allow the Defense to present these witnesses at trial. (Most of the witnesses that the Defense herewith requests to present at trial have been interviewed by the Government and expressly contradict the information provided by the Government witness.)

11. The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as those of the prosecution to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the to present his own witnesses to establish a defense This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). Defendant submits the witnesses who contradict Government witness are critical to his defense. It is submitted their testimony is material to the defense. Evidence is material "only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982). Impeachment evidence is material where the witness, whose credibility is at issue, supplied the primary evidence linking a habeas petitioner to the crime, or where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case. *United States v. Payne*, 63 F.3d 1200, 1210(citing *United States v. Petrillo*, 821 F.2d 85, 90 (2nd Cir. 1987)), cert. denied, 134 L. Ed. 2d 201, 116 S. Ct. 1056 (1996). Defendant submits the witness testimony he wishes to present is material and would undercut the Government's case against him.

12. Defendant submits the testimony of the aforementioned witnesses will undercut the Government's case. In paragraph one of the Indictment the Government alleges the following: Defendant ... "held himself out as an effective and successful political operative capable of ensuring his clients' electoral success. Defendant Myers exercised influence and control in Philadelphia's 39th ward by distributing cash payments and supporting family, friends and allies for elective office in the 39th Ward, and installing ward leaders, judge of elections and state committee people. Through the scheme described below Myers advanced his political and financial interest through political and corrupt means by engaging in a "ballot stuffing" scheme that enabled him to take credit for the electoral success of his Philadelphia based clients and preferred candidates ... ".

13. The testimony of the proposed Defense witnesses will clearly undercut the scope of this alleged conspiracy by contradicting the Government witness's claim that he paid other election workers to put up false votes. The Defense submits extrinsic evidence that directly contradicts the Government witness's statement is allowed. Such evidence is "impeachment by contradiction," which is not covered by Fed. R. Evid. 608. *United States v. Castillo*, 181 F.3d 1129, 1132-33 (9th Cir. 1999) Rule 608(b) excludes only extrinsic evidence that goes to a witness's general credibility, but

the doctrine of impeachment by contradiction "permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence."); *United States v. Lopez*, 979 F.2d 1024, 1033-34 (5th Cir. 1992) (noting that Rule 608 does not apply to impeachment by contradiction).

WHEREFORE Defendant prays the Court rule In Limine that the Defense can present witnesses testimony to contradict the Government witness.

RESPECTFULLY SUBMITTED:

BY: /s/ *Noah Gorson*
NOAH GORSON, ESQUIRE
ATTORNEY FOR DEFENDANT


BY: /s/ *Arnold Silverstein*
ARNOLD SILVERSTEIN, ESQUIRE
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of April 9, 2021.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney's Office
Eastern District of Pennsylvania
**Assistant United States Attorney**
**Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE