IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 20-210 |
| | : | |
| **MICHAEL "OZZIE" MYERS** | : | |

**O R D E R**

Defendant Michael "Ozzie" Meyers asks me to allow him to introduce at trial testimonial evidence of specific acts of his past conduct to demonstrate (1) his good character for honesty, which he argues is an element the charges against him; and (2) a habit of refraining from voter fraud when hiring ward leaders.  (Doc. No. 32); Fed. R. Ev. 405(b), 406.  I will deny his Motion.

**I.      Background**

As alleged, in 2014, 2015, and 2016, Myers was a political consultant who bribed Election Judge Domenick Demuro to add votes in favor of Myers' "clients."  (Doc. No. 1.)  These candidates paid Myers, who in turn paid Demuro and other Election Board officials to tamper with vote totals.  (Doc. No. 1.)

The grand jury charged Myers with two counts of violating the Travel Act; two counts of falsification of records; and one count each of conspiracy to deprive persons of civil rights; voting more than once in a federal election; conspiring to illegally vote in a federal election; obstruction of justice; and aiding and abetting.  18 U.S.C. §§ 2, 241, 1512(b)(3), 1519, 1952, 10307(c); 52 U.S.C. § 10307(e).

In his motion *in limine*, Myers asks me to allow leaders of other wards to testify at trial that: (1) he paid them to "organize their wards for his candidates," (2) "they have assisted [his] candidates in multiple primary elections," and (3) he "never asked them to add false votes for his candidates."  (Doc. No. 32.)

## II.     Specific Acts as Evidence of Honest Character

Myers first argues that the offered testimony is permitted by Rule 405(b) as evidence of his character for honesty which is an essential element of the charges against him. (Doc. No. 32.) I disagree.

Under Rule 404(a), "[e]vidence of a person's character is generally not admissible to prove that he acted in conformity therewith on a particular occasion." Government of the Virgin Islands v. Grant, 775 F.2d 508, 510 (3d Cir. 1985) (citing Fed. R. Evid. 404(a)(1)). The Rules provide an exception for evidence of a criminal defendant's "pertinent trait." Fed. R. Evid. 404(a)(2). Even where the exception applies, however, Rule 405 generally limits character evidence to testimony regarding the witness's opinion or knowledge of the defendant's reputation. Fed. R. Evid. 405(a). The defendant may offer evidence of specific acts only "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b).

Character is an essential element only if it "alters the rights and responsibilities of parties under substantive law." Gibson v. Mayor and Council of City of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004) (citing Schafer v. Time, Inc., 141 F.3d 1361, 1371 (11th Cir. 1998)). The exception is thus limited to circumstances where proving the character trait is necessary to proving a cause of action. See, e.g. id., at 232–33 ("chastity of a victim under a statute specifying her chastity as an element of the crime of seduction, or…competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver") (quoting Fed. R. Evid. 404(a) adv. comm. note); Grant, 775 F. 2d, at n.4 ("defamation case where the plaintiff's claim is that the defendant's defamatory statements harmed his reputation for good character").

The Government argues that no charge against Myers requires proof that Myers is a dishonest person. (Doc. No. 35.) I agree. Without identifying any actual honesty "element,"

2

Myers makes the nebulous argument that "honesty is an essential element of the charges" against him. (Doc. No. 32.) He seems to believe that if an honest person would be less likely to commit a crime, then honesty is an essential element. (See id.) He thus seeks to present propensity evidence prohibited by the Rules, which I will not admit. (Fed. R. Evid. 404; 405.)

### III.     Habit

Alternatively, Myers urges me to allow the proffered testimony as evidence of habit under Rule 406. (Doc. No. 32.)

Rule 406 provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Habit is an individual's "regular response to a repeated specific situation," such as "going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn." Becker v. ARCO Chemical Co., 207 F.3d 176, 204 (3d Cir.2000) (quoting Fed. R. Evid. 406 adv. comm. notes.). Rule 406 covers only "semi-automatic, situation-specific conduct." Id.

Past conduct of committing or refraining from committing a crime is not semi-automatic behavior. See United States v. Troutman, 814 F.2d 1428, 1454 (10th Cir. 1987) ("Extortion or refraining from extortion is not a semi-automatic act and does not constitute habit."). Because choosing not to bribe other ward leaders is not evidence of a habit, I will deny Myers' Motion.

\*\*\*

**AND NOW**, this 28th day of April, 2021, in consideration of Myers' Motion *in Limine* to Determine Admissibility of Evidence (Doc. No. 32) and the Government's Response in Opposition (Doc. No. 35), it is hereby **ORDERED** that Defendant's Motion (Doc. No. 32) is **DENIED**.

                                            **AND IT IS SO ORDERED.**

                                            */s/ Paul S. Diamond*
                                            _____
                                            Paul S. Diamond, J.