IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR SUPPLEMENTAL DISCOVERY AND BRADY MATERIAL**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, hereby responds in opposition to the defendant's pretrial motions for "supplemental discovery," ECF No. 36, and for so-called "Brady material," ECF No. 47. In the first instance, the government opposes Myers 'motion because the evidence sought does not exist, despite the defendant's unfounded and spurious attempt to suggest that it does. In the second instance, the government already provided the very financial records to the defendant on August 14, 2020 – *over eight months ago* - that he now claims he needs in order to prepare his defense. Rather than a discovery request, his motion for *Brady* material reads more like a closing argument to a jury, and despite the defendant's characterization of the significance of this evidence, it is hardly exculpatory, as discussed below. Defendant's motions should be denied.

**I.  DISCUSSION**

In this case, former U.S. Congressman Michael "Ozzie" Myers is charged by indictment with conspiring to violate voting rights by fraudulently stuffing the ballot boxes – also known as ringing up votes - for specific political candidates in the 2014, 2015, and the 2016 primary

1

elections, bribery of an election official, falsification of records, voting more than once in federal elections, and obstruction of justice. ECF No. 1 (Indict.).

Even before he was charged, the government offered the defendant an opportunity to preview the evidence against him in a meeting at the United States Attorney's Office on May 27, 2020, which the defendant attended.[1] Pursuant to the government's discovery obligations, after the federal grand jury indicted the defendant, the prosecution made available expansive discovery materials, above and beyond its obligations, commencing on August 14, 2020. Since that date, the government has provided 28 gigabytes of data in excess of 670,000 pages, including numerous governmental and financial records, recordings, transcripts, Jencks and *Giglio* materials along with detailed indices describing the contents of the government's productions.

### A. The defendant requests "supplemental discovery" that does not exist.

In his Motion for Supplemental Discovery defendant claims, without identifying the basis for his "belief," that a government witness was previously "implicated" in a voter fraud investigation in 1985, and alleges that this witness "forged absentee ballots" for nursing home

---

[1] It is noteworthy that the government, pursuant to a written agreement with Myers pre-indictment, even made available to the defendant transcripts of the most pertinent excerpts of the audio-recordings he now seeks to challenge at a *Starks* hearing on May 10, 2021. *See* ECF No. 45. Despite inquiries from the government, the defendant has declined to identify with any degree of specificity any defect or dispute related to the audibility of the recordings or the accuracy of the transcripts. Indeed, for this impending hearing the defendant has gone so far as to subpoena the government's cooperating witness purportedly to challenge the "voluntariness" of the cooperator's consent to record the defendant's conversations. As defendant well knows from even a cursory examination of the discovery materials already provided, including *Giglio* material and the cooperator's plea agreement, this line of attack is utterly without merit. Defendant's baseless and transparent attempt to convert the *Starks* hearing into some sort of discovery probe outside the dictates of Rule 16 should be rejected by the Court.

residents in South Philadelphia.  ECF No. 36 at 1.  He then speculates that the witness "may have cooperated with the Government to avoid being charged." *Id*.

It is inexplicable to the undersigned attorneys why his request for discovery related to his claim was not presented informally to the government.  On multiple occasions, the government's representatives have made themselves available and discussed with counsel for the defendant the discovery and its contents and answered any questions that were presented.  Nonetheless, no inquiry was directed to the government relating to the unsupported allegations made in the defendant's filing.  In short, the defendant is incorrect, no evidence supporting his discovery demand exists, and his counsel has been so notified.

The government has reviewed its files and has and will continue to produce the material to which the defendant is entitled under Fed.R.Crim.P. 16, *Brady/Giglio* and their progeny, and the Jencks Act.

**B.  The defendant seeks financial records he has already received in discovery.**

Disguising a jury argument as a discovery request, defendant next alleges that if the cooperating witness received bribe payments in the form of checks, those checks would be reflected in cooperator's banking records.  ECF No. 47 at 2-3.  He then asserts that if the cooperator's banking records do not show deposits corresponding to the alleged payments from Mr. Myers' candidate clients, the banking records should be disclosed in conformity with *Brady v. Maryland*, 373 U.S. 83 (1968).  ECF No. 47 at 2-3.

Putting aside whether the bank records would even reflect a transaction where the check was presented to the financial institution for cash by the payee rather than deposited, Mr. Myers has already received the very records he demands by formal motion, and he has had them in his possession since at least August 14, 2020.  Specifically, the government provided the defendant

with the cooperator's banking records associated with four accounts from at least December 2012 through February 2020 (he asks in his motion for records from the shorter period of January 2015 through June 2015).[2]

WHEREFORE, for these reasons, the government in this case respectfully submits that defendant's Motions for Supplemental Discovery and Brady Material should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

By:

*/s/  Eric L. Gibson*
ERIC L. GIBSON
RICHARD P. BARRETT
Assistant United States Attorneys

Dated:  May 6, 2021

---

[2] Although identified in the index accompanying the production, for the defendant's convenience we repeat that the records he seeks are Bates-numbered USA0618865 through USA0620624.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's Motions for Supplemental Discovery and Brady Material has been served upon all counsel of record electronically and via ECF.

*s/Eric L. Gibson*
ERIC L. GIBSON
Assistant United States Attorney

Dated: May 6, 2021