IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-210 |
| MICHAEL "OZZIE" MYERS | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO DETERMINE IF THE DEFENSE CAN PRESENT WITNESSES TO CONTRADICT ASSERTIONS MADE BY GOVERNMENT WITNESS**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, hereby responds to defendant's motion *in limine* to determine if the defense can present witnesses to contradict assertions made by a government witness.

Defendant Myers seeks court approval to call as defense witnesses an unknown number of unidentified "election workers" who, he alleges, will deny that they "put up false or fraudulent votes." ECF No. 46 at ¶ 8. According to Myers, each unidentified election worker's testimony will "expressly contradict the information by [the] [g]overnment witness." Id. at ¶ 10. Myers has provided the Court with inadequate detail in his motion on which to base an evidentiary ruling. Given this failure to provide the specifics needed to rule on admissibility, his motion *in limine* should be denied.

I.      INTRODUCTION

Defendant Michael "Ozzie" Myers is charged in the indictment with conspiring to violate voting rights by fraudulently stuffing the ballot boxes – also known as ringing up votes - for specific political candidates in the 2014, 2015, and the 2016 primary elections, bribery of an

1

election official, falsification of records, voting more than once in federal elections, and obstruction of justice.  ECF No. 1.  The charges arise out of his work as a paid political consultant to candidates seeking elected office.  Id. at ¶ 1.  The trial evidence against Myers will be based in part on the testimony of former judge of elections Dominic Demuro, along with recordings of conversations between Demuro and defendant Myers.

Myers wants the Court to give him permission to call "person(s)" who he contends will contradict the testimony of Demuro in a subject area he "anticipates" will be covered by the government on direct examination or by his attorneys during cross examination of Demuro.  He has not identified the "person(s)" in his motion or a separate document filed under seal with the Court.  He alleges that "most" of the persons have been interviewed by agents but does not further specify how many witnesses fall within the "most" category.  Moreover, he has not provided the Court with details about any single witness, apparently preferring that the Court issue an *in limine* order on a broad, general category of potential witnesses the defense may subpoena based on testimony that is not yet before the Court.  The defendant's utter lack of specificity is contrary to an informed assessment of the admissibility of evidence.

II.    **DISCUSSION**

The need for defendant Myers to provide the Court with more detail to rule on his motion is clearly required by the rules governing *in limine* motions.  It is fundamental to our system of advocacy that a district court is given wide latitude in deciding what should be allowed into evidence.  United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).  A trial court has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.  Id. (citing Fed.R.Evid. 103(c)).  One

tool used by courts to fulfill this duty is the *in limine* order. Id. (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984). Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the modern practice of using *in limine* orders to regulate the introduction of evidence has developed from the courts' inherent authority to manage trials.  21 C. Wright and K. Graham, Federal Practice and Procedure § 5042, at 232-35 (1977).

As the use of *in limine* motions has developed, so have certain rules. The party seeking the *in limine* order bears the burden of demonstrating the admissibility of evidence. Kegerise v. Susquehanna Township School District, 2019 WL 1507309 at * 4 (M.D. Pa. 2019). In connection with this, motions *in limine* should be specific: they should identify the evidence sought to be admitted or excluded and explain the basis for the relief sought. See United States v. Bradford, 905 F.3d 497, 505 (7th Cir. 2018) (citing FRE 103(a)); Williams v. Dieball, 724 F.3d 957, 962 (7th Cir. 2013); Shay v. City of Los Angeles, 2019 WL 5420262 at * 1 (C.D. Cal. 2019) (party must identify the evidence at issue and state with specificity why such evidence is inadmissible); see also Gemini Insurance Co. v. Titan Construction Services, LLC, 2019 WL 3004105 at * 1 (S.D.N.Y. 2019) (defendants' motions were cursory and unhelpful because: 1) they sought blanket exclusion of roughly two dozen internal emails that they did not bother to attach to their motion papers; 2) they failed to make any effort to discuss them individually; and 3) they failed to recognize that admissibility of specific emails at trial depended upon each email itself (for example, whether it was hearsay, business record, or party admission)).

Accordingly, a court may deny a motion *in limine* if it "lacks the necessary specificity with respect to the evidence to be excluded." Koch v. Koch Indus., Inc., 2 F. Supp.2d 1385, 1388

(D. Kan. 1998) (quoting Nat'l Union Fire Ins. Co. v. L.E. Meyers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)); Romero v. Helmerich & Payne Int'l Drilling Co., 2017 WL 3268878 at * 3 (D. Colo. 2017); see also Kegerise v. Susquehanna Township School District, 2019 WL 1507309 at * 4 (M.D. Pa. 2019) (movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and court may deny motion *in limine* when it lacks the necessary specificity with respect to evidence to be excluded); Cooper v. Meritor, Inc., 2019 WL 1028530 at * 1 (N.D. Miss. 2019); Shay v. City of Los Angeles, 2019 WL 5420262 at * 1 (C.D. Cal. 2019) (failure to specify evidence that motion *in limine* seeks to exclude constitutes sufficient basis upon which to deny motion).  Relatedly, a motion *in limine* that is too sweeping in scope should be denied.  National Union Fire Insurance Co., 937 F. Supp. at 287 (motion was too sweeping in scope to be decided; court reserved judgment on motion until trial, when admission of particular pieces of evidence was in appropriate factual context); Chinacast Education Corporation v. Chen Zhou Guo, 2018 WL 7448913 at * 2 (C.D. Cal. 2018) (motions *in limine* to exclude broad categories of evidence prior to trial are usually improper as court is almost always better situated to rule on evidentiary issues in their factual context during trial).

      Defendant's motion runs afoul of the basic requirements of a motion to seek the admissibility of evidence.  Whereas the case law requires a degree of specificity, the defendant gives none.  He seeks to admit the testimony of an unknown number of witnesses, the identity of whom is unknown to the Court.  This alone complicates the management of the admissibility of evidence.  The Court would need to constantly inquire whether a witness called by the defense was one of the witnesses alluded to under the defendant's sweeping request for admissibility.

      Moreover, the defendant's motion, devoid as it is of the specifics of each potential

4

defense witness's potential testimony, deprives the Court of the details it will need to determine admissibility. Defendant's conclusory assertion that the witnesses' testimony contradicts Demuro is a wholly inadequate basis to judge admissibility. Admissibility requires a more searching inquiry, one that recognizes that context, nuance, and the ebb and flow of a trial are critical considerations for a trial judge. Defendant gives no account of these considerations.

Defendant's motion *in limine* suffers the same deficiencies the trial court confronted in Gemini Insurance Co. v. Titan Construction Services, LLC, 2019 WL 3004105 at * 1 (S.D.N.Y. 2019). In Gemini Insurance, the defendant filed a motion *in limine* to preclude the plaintiff from admitting different types of evidence, including two dozen emails belonging to the defendant. In evaluating the defendant's entire motion, which the court characterized as "cursory and unhelpful," the district court critically evaluated each item of evidence to ascertain admissibility. The court rejected the defendant's claim that an administrative decision was too prejudicial for admission in a bench trial and that sign-in sheets were irrelevant by carefully examining these items within the context of a bench trial and application of rules governing relevance. Turning to the emails, the court criticized the defendant for seeking a blanket exclusion and failing to present the emails to the court for review. The court chastised the defendant for not discussing each email individually, explaining that admissibility of each email must be ascertained. The court also noted that there was some indication that the emails were relevant, but postponed final decision on admissibility because it was not clear which emails were before it.

Like the defendant in Gemini Insurance, defendant Myers has presented the Court with a motion *in limine* that falls far short of specifics. He has not identified the witnesses or provided the Court with support for his conclusion that any witness' testimony will contradict Demuro.

5

He has not discussed each putative witness in terms of relevance or any other consideration that may bear on admissibility.  In sum, the defendant, who has the burden to show admissibility, has not provided the Court with enough information to permit a meaningful inquiry into admissibility.  Accordingly, the government requests that defendant's motion be denied without prejudice.

WHEREFORE, for these reasons, the government respectfully submits that defendant's motion *in limine* to determine if the defense can present witnesses to contradict assertions made by government witness be denied.

                        Respectfully submitted,

                        JENNIFER ARBITTIER WILLIAM
                        Acting United States Attorney

                        */s/ Richard P. Barrett*
                        RICHARD P. BARRETT
                        ERIC L. GIBSON
Dated:  May 14, 2021              Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Defendant's Motion *in limine* to determine if the defense can present witnesses to contradict assertions made by government witness has been served upon all counsel of record electronically and via ECF.

                                                  *s/Richard P. Barrett*
                                                  RICHARD P. BARRETT
                                                  Assistant United States Attorney

Dated: May 14, 2021