Noah Gorson, Esquire
Identification No. 34323
email ng@gorsonlaw.com
Arnold Silverstein, Esq
Identification No. 18344
email arnold.silverstein@gmail.com
1845 Walnut Street # 1300
Philadelphia, PA 19103
(215) 569-4661                                              Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CRIMINAL NO. 20-CR-210 |
| MICHAEL "OZZIE" MYERS" | : | |

REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO ALLOW WITNESS TO TESTIFY TO FACTUAL AND EXPERT MATTERS

Defendant intends present the testimony of Steven Kaplan, who has served as chief counsel to the Philadelphia Democratic City Committee for approximately 20 years. He will testify to facts concerning the structure of the Democratic party; the number of Wards and Divisions in the City of Philadelphia and the number of votes city wide candidates need to be elected. These are factual matters that are relevant to Defendant's defense. Defendant, by and through counsel, filed a Motion In Limine ("Motion"), requesting an advance ruling on Mr. Kaplan, also, testifying to his opinions relative to the interpretation of certain phrases used by politicians in the course of their election efforts. These opinions were set forth in a report attached to the Motion. Mr. Kaplan will testify to hearing the terms "ring em up" and "bang em up" in conversations with numerous ward leaders and committee people. Based on his experience he will testify to a reasonable degree of certainty in the political community that these terms are used in discussing getting out the vote, most typically meaning to knock on doors or ring doorbells to get residents out to vote. In addition to his experience within the Philadelphia political community, Mr. Kaplan has reviewed the conversations recorded by the Government's cooperating witness, Dominic Demuro, as well as the FBI interview reports (302's) and transcripts of the conversations and Grand Jury testimony which relate to this

matter. Further, it is the intention of Defendant to have Mr. Kaplan present when Mr. Demuro testifies at time of trial.

Defendant's Motion sets forth a foundation and argument for the admissibility of Mr. Kaplan's opinion portion of his report as either "expert" or "lay" opinion. The Government has filed a response in opposition, disingenuously arguing that their case agents should be permitted to testify as to their opinions regarding the meaning of certain phrases but Mr. Kaplan should not. The Government, initially misconstrues the proffered testimony as violating Rule 704(b), in that it would impugn the jury's provenance of determining an "ultimate issue" of fact. To the contrary, Mr. Kaplan's proffered testimony does no such thing; it would merely provide relevant contextual use of these phrases by politicians.

Next, the Government contends that their agents' lay opinions are admissible because they are the result of the particular things they perceived and experienced from the investigation itself and do not rely on some specialized knowledge from a field of expertise, but Mr. Kaplan's would run afoul of Rule 701. The Government's argument seems to be that because Mr. Kaplan is a qualified expert, he may not provide lay testimony based upon his familiarity with the case, but the Government's case agents may. The Government states "Similarly, the case agents investigating Myers' conduct came to their understanding of the recorded conversations only as a result of the particular things they perceived and experienced from the investigation itself, as was the case in *Rollins*. In contrast, Kaplan comes nowhere close to establishing that his opinions are based on anything other than general specialized knowledge of Philadelphia politics, which renders them inadmissible." It would, thus, appear that the Government concedes that Mr. Kaplan may testify as to his opinion, just like the case agents, if he bases his opinion solely on his familiarity with the case file – i.e., the tapes, transcripts and 302's. To permit the former and not the latter would be unjust.

RESPECTFULLY SUBMITTED:

BY: /s/ Noah Gorson
NOAH GORSON, ESQUIRE
ATTORNEY FOR DEFENDANT

BY: /s/ Arnold Silverstein
ARNOLD SILVERSTEIN, ESQUIRE
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the following in the manner indicated on today's date of September 23, 2021.

ECF
**Honorable Paul S. Diamond**
U.S. Courthouse
601 Market Street, Room 14614
Philadelphia, PA 19106-1773

ECF
Department of Justice
United States Attorney's Office
Eastern District of Pennsylvania
**Assistant United States Attorney
Eric Gibson, Esq.**
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

BY: _/s/ Noah Gorson_
NOAH GORSON, ESQUIRE